**YONGXIN FU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72572.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable

814

Douglas G. Ingraham, Esq., Alhambra, CA, for Respondent.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael Terrell, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Respondent.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

## MEMORANDUM **

Yongxin Fu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *see Bandari v. INS,* 227 F.3d 1160, 1165 (9th Cir.2000), and grant the petition for review.

■ The agency's adverse credibility finding is not supported by substantial evidence. To the extent the agency relied on

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

a perceived inconsistency between Fu's testimony and his application regarding the number of Zhong Gong practitioners at one of the practice sites, that finding is not supported by the record. Fu's testimony that under his direction, the number of Zhong Gong practitioners at the Lucheng Station grew to approximately 20 is consistent with his asylum application.

■ Further, the omission of minor details from Fu's statement and asylum application regarding police questioning cannot serve as the basis for an adverse credibility determination. *See id.* at 1167 ("[T]he mere omission of details is insufficient to uphold an adverse credibility finding."). The IJ's findings regarding Fu's doctor's diagnosis of his health condition and Fu's departure from China are based on speculation and conjecture. *See Ge v. Ashcroft,* 367 F.3d 1121, 1125 (9th Cir. 2004). Likewise, the IJ's demeanor finding regarding how much emotion Fu should have displayed when discussing his detention and beatings is based on improper speculation. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004).

■ Because the IJ relied on insufficiently supported grounds to question Fu's credibility, Fu cannot be required to provide additional corroboration. *See id.* at 890.

Accordingly, we remand for the agency to consider the merits of Fu's applications for asylum, withholding of removal, and CAT relief, accepting his testimony as true. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.